FILED

JUL 20 2016

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS, CDCR # F-34368,<br><br>                    Plaintiff,<br>vs.<br><br>DANIEL PARAMO, Warden, et al.,<br>                    Defendants. | Case No.: 3:14-cv-01923-WQH-WVG<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br>**[Doc. No. 4]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

    ANDREW A. CEJAS ("Plaintiff"), currently incarcerated at Richard J. Donovan Correction Facility ("RJD") in San Diego, California, and proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq., on August 3, 2014 (Doc. No. 1).

/ / /

/ / /

## I. Procedural History

Because he did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) or file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) at the time of filing, the Court dismissed Plaintiff's case on October 3, 2014 (Doc. No. 2). Plaintiff was granted 45 days leave, however, in which to re-open his case by either paying the filing fee or filing an IFP motion (*Id.* at 2.) He did neither; therefore, the case remained closed.

More than a year later, on June 22, 2016, Plaintiff submitted his Motion to Proceed IFP (Doc. No. 4), which the Court directed the Clerk to file in light of Plaintiff's pro se status and despite its untimeliness (Doc. No. 3). A week later, Plaintiff filed a supplemental document requesting that the Court grant his tardy IFP Motion, because he never received the Court's October 3, 2014 Order (Doc. No. 6).[1]

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

---

[1] Plaintiff was incarcerated at RJD at the time he filed his Complaint, and he remains incarcerated there. He filed no Notice of Change of Address in the interim and the Court's October 3, 2014 Order was never returned as undeliverable. *See Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 1999) (noting that "[u]nder the common law Mailbox Rule, 'proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.'") (quoting *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992)). The Court further notes that Plaintiff has offered no explanation as to why he waited more than a year to make any inquiry whatsoever into the status of his Complaint in this case; although he was actively litigating another before this same Court from April 29, 2015 through June 29, 2016. *See Cejas v. Brown, et al.*, S.D. Cal. Case No. 3:15-cv-00949-WQH-MDD (Doc. No. 1) (alleging free exercise and RLUIPA claims arising at RJD related to Buddhist religious accommodations, but against different RJD officials); *Bias v. Monyihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement Report and a prison certificate authorized by a RJD senior accounting official attesting to his trust account activity. *See* Doc. No. 4 at 5-7; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has had no monthly deposits to his account, has carried no balance over the six month period preceding the filing of his Complaint, and that his current available balance is zero. *See* Doc. No. 4 at 5-7; 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.");

*Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff's Motion to Proceed IFP, declines to "exact" any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

### III. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

#### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.   Plaintiff's Allegations**

Plaintiff claims he is and has been a "socially engaged" and "serious" practitioner of Buddhism for over ten years. *See* Doc. No. 1 at 27. He claims Defendants Rutledge and Jaime conducted a search of his cell and confiscated a Buddhist altar cloth in order retaliate against him for filing prison grievances, *id.* at 22-27, and that the deprivation of his altar cloth, as well as a Buddhist pendant later confiscated by Defendant Strayhorn, violated the Free Exercise clause of the First Amendment, *id.* at 27-29, the Equal Protection and Due Process clauses of the Fourteenth Amendment, *id.* at 29-32, and imposed a substantial burden on his religious practice under the RLUIPA. *Id.* at 32-33. Plaintiff further alleges Defendants Olsen and Ramires violated his right to access to the court and petition for redress by either failing or refusing to properly process inmate grievances related to the confiscation of his religious property. *Id.* at 28. Plaintiff seeks declaratory and injunctive relief compelling Defendants to answer his "citizen complaints, CDCR 22[s], [and] grievances," and to designate his "altar cloth and Buddhas swastika pendant as religious property," as well as nominal, presumed, and punitive damages. *Id.* at 35-36.

Based on these allegations, the Court finds Plaintiff's Complaint contains plausible claims for relief sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Hartmann v. Cal. Dept. of Corr. and Rehab.*, 707 F.3d 1114, 1122-25 (9th Cir. 2013)

(discussing pleading required for prisoner's RLUIPA, First, and Fourteenth Amendment claims).

Accordingly, the Court will direct the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## IV. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 4);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

///

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

6. **ORDERS** the served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. See S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED.**

Dated: 7/19/16

HON. WILLIAM Q. HAYES
United States District Judge

7

3:14-cv-01923-WQH-WVG