# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW A. CEJAS, | CASE NO. 14cv1923-WQH-WVG |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DANIEL PARAMO, et al., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 29) filed by the Magistrate Judge on the Defendants' Motion to Dismiss (ECF No. 17).

**I. Background**

On August 15, 2014, Plaintiff Andrew A. Cejas ("Plaintiff") initiated this action by filing the Complaint. (ECF No. 1). On June 27, 2016, Plaintiff filed a motion to proceed in forma pauperis. (ECF No. 4). On July 20, 2016, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis and directing the U.S. Marshal to effect service and summons of the complaint. (ECF No. 7).

On October 4, 2016, Defendants D. Jaime, D. Paramo, S. Rutledge, and D. Strayhorn ("Defendants") filed a motion to dismiss. (ECF No. 17). Defendants moved to dismiss Plaintiff's First and Fourteenth Amendment claims against Defendant

Paramo, and the retaliation claim against Defendants Jaime and Strayhorn.[1] *Id.* On November 25, 2016, Plaintiff filed a response in opposition to Defendants' motion to dismiss. (ECF No. 24).

On March 28, 2017, the Magistrate Judge filed the Report and Recommendation. (ECF No. 29). The Magistrate Judge concluded that Plaintiff has not alleged facts sufficient to state a claim for relief that is plausible on its face with respect to Plaintiff's First and Fourteenth Amendment claims against Defendant Paramo and his retaliation claim against Defendant Jaime. *Id.* at 8. The Magistrate Judge further found that Plaintiff has not alleged sufficient facts to state a claim for violation of his First Amendment right of access to the courts against Defendant Paramo. *Id.* at 19. The Magistrate Judge recommended that Defendant's motion to dismiss be granted as to Plaintiff's retaliation claim against Defendant Jaime and Plaintiff's First and Fourteenth Amendment claims against Defendant Paramo. *Id.* at 22.

On June 16, 2017, the Court issued an order granting Plaintiff's motion for extension of time, and ordered that any objection by Plaintiff must be filed no later than August 14, 2017, and that any reply by Defendants must be filed no later than August 28, 2017. (ECF No. 32). On August 14, 2017, Plaintiff filed objections to the Report and Recommendation. (ECF No. 37). On August 28, 2017, Defendants filed a reply to Plaintiff's objections. (ECF No. 38).

**II. Standard of Review**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The

---

[1] Plaintiff does not bring a retaliation claim against Defendant Strayhorn. *See* ECF No. 24 at 15 ("Defendant Strayhorn was not added to the First Cause of Action for Retaliation.").

district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act, 28 U.S.C. § 636] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

**III. Discussion**

    **A. Plaintiff's First Objection: Retaliation Claim against Defendant Jaime**

Plaintiff contends that the Magistrate Judge erred in recommending the dismissal of his retaliation claim against Defendant Jaime because Plaintiff adequately pled a causal connection as to his retaliation claim between Defendant Jaime's cell search and Plaintiff's grievance against Defendant Rutledge. (ECF No. 37 at 4). Plaintiff contends that he adequately pled a causal connection because Defendant Jaime's cell search sheet contained Plaintiff's hat, which was taken away by Defendant Rutledge prior to the cell search. *Id.* Plaintiff contends that the hat was not inside the cell during Defendant Jaime's search, but the hat was included on the cell search sheet. *Id.* Plaintiff contends that this serves as "[e]vidence of retaliatory motive by Defendant Jaime." *Id.*

The Magistrate Judge found that Plaintiff failed to allege an adequate connection between the grievance and the subsequent cell search because Defendant Jaime was a third party to and had no knowledge of any dispute between Plaintiff and Defendant Rutledge. Plaintiff alleges that on the day of the cell search, while waiting to access the law library, he approached Defendant Rutledge to ask how Rutledge would respond to Plaintiff's earlier complaint. (ECF No. 1 at 14). Plaintiff alleges that Defendant Rutledge ordered Officer Carter to confiscate a hat that Plaintiff was wearing. *Id.* Plaintiff alleges that Defendant Rutledge and Officer Carter then walked together to the Program office. *Id.* Plaintiff alleges that later the same day, Defendant Rutledge ordered Defendant Jaime to search Plaintiff's cell. *Id.* In the cell search sheet

completed by Defendant Jaime attached to the Complaint,[2] Defendant Jaime lists Plaintiff's baseball hat as an item that was confiscated. *Id.* at 83. Plaintiff asserts that the baseball hat was not in his cell during the search, but it still appears on Defendant Jaime's cell search sheet.

After reviewing Plaintiff's Complaint and objection, the Court concludes that the Magistrate Judge correctly found that Plaintiff has not sufficiently pled the third element of his retaliation claim. Plaintiff's allegations are not sufficient to establish that Defendant Jaime was aware of Plaintiff's grievance against Defendant Rutledge at the time of the cell search. Plaintiff's allegation that Defendant Rutledge ordered Defendant Jaime to search Plaintiff's cell, alone, is insufficient to establish that Defendant Jaime had a retaliatory motive in conducting the cell search. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Plaintiff's first objection to the Report and Recommendation is OVERRULED.

**B. Plaintiff's Second Objection: First and Fourteenth Amendment Claims Against Defendant Paramo**

Plaintiff contends that the Magistrate Judge erred because Defendant Paramo had a duty to review Plaintiff's appeals against Defendants Olson and Ramirez. (ECF No. 37 at 3). Plaintiff contends that Defendant Paramo violated this duty by not reviewing Plaintiff's appeals, and that Defendant Paramo did not review the appeals in an effort "to deter and chill Plaintiff's speech[.]" *Id.*

After reviewing Plaintiff's Complaint and objection, the Court concludes that the Magistrate Judge correctly concluded that Plaintiff has not alleged sufficient facts to state a claim for violation of his First Amendment right of access to the courts. To

---

[2] The Court takes judicial notice of the cell search sheet attached to the Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

adequately allege First and Fourteenth Amendment claims against Defendant Paramo based on a *respondeat superior* theory, Plaintiff would first be required to adequately allege that he was injured by Defendants Olson's and Ramirez's alleged failure to process his grievances. As the Magistrate Judge correctly found, Plaintiff does not have a liberty interest in access to the prison grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (concluding that the plaintiff's due process claim that the plaintiff suffered the "loss of a liberty interest in the processing of his appeals" failed because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."). Further, any actions taken by Defendants Olson, Ramirez, or Paramo did not result in Plaintiff being prevented from bringing this lawsuit. Plaintiff's second objection to the Report and Recommendation is OVERRULED.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 29) is ADOPTED in full. Defendant's motion to dismiss (ECF No. 17) is GRANTED as to Plaintiff's retaliation claim against Defendant Jaime and Plaintiff's First and Fourteenth Amendment claims against Defendant Paramo. The motion to dismiss is denied as moot as to any retaliation claim against Defendant Strayhorn. *See* ECF Nos. 24 at 15; 29 at 8 n.3.

IT IS FURTHER ORDERED that Plaintiff's objections to the Report and Recommendation (ECF No. 37) are OVERRULED.

DATED: September 1, 2017

**WILLIAM Q. HAYES**
United States District Judge