UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CEJAS,<br><br>                                    Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                                    Defendants. | Case No.:  14-CV-1923-WQH-WVG<br><br>**REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S UNOPPOSED MOTION TO AMEND**<br><br>**[ECF NO. 53]** |

Presently before the Court is Plaintiff Andrew Cejas's unopposed Motion for Leave to Amend his Complaint. (ECF No. 53.) For the reasons that follow, the Court **RECOMMENDS** Plaintiff's unopposed Motion be **GRANTED**.

## I. BACKGROUND

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on August 15, 2014. (ECF No. 1.) On October 4, 2016, Defendants D. Jaime, D. Paramo, S. Rutledge, and D. Strayhorn moved to dismiss Plaintiff's claims against Paramo and Jaime. (ECF No. 17.) On September 1, 2017, the Court granted Defendants' motion to dismiss claims against Paramo and Jaime. (ECF No. 42.) Defendants filed an Answer to Plaintiff's remaining claims on November 8, 2017. (ECF No. 43.)

On March 9, 2018, Plaintiff moved for leave to file an amended complaint. (ECF

No. 53.) Defendants did not file a response in opposition to the motion.

## II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of court. Fed. R. Civ. P. 15(a)(2). Such amendments "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Since Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbot Laboratories*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (9th Cir. 1986) ("the nonmovent bears the burden of showing why amendment should not be granted").

When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" *Foman*, 371 U.S. at 182. "Not all of the factors merit equal weight." *Eminence Capital, LLC*, 316 F.3d at 1052. For example, "delay alone cannot justify denial of leave to amend." *Genentech, Inc.*, 127 F.R.D. at 530 (N.D. Cal. 1989) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Kendrick v. County of San Diego*, Case No. 15-CV-2615-GPC(RBB), 2017 WL 2692903, at *5 (S.D. Cal 2017).

## III. **ANALYSIS**

Here, Plaintiff waited over three and a half years between the filing of his Complaint and his request to file an amended complaint. Plaintiff has offered no reasoning for such a delay other than claiming he has been on lock down "for months." (ECF No. 53.) To call this undue delay would be an understatement. However, "delay alone cannot justify denial of leave to amend." *Genentech, Inc.*, 127 F.R.D. at 530 (N.D. Cal. 1989).

When examining the remaining *Foman* factors, the Court finds that leave to amend

is appropriate. This is Plaintiff's first request to amend, thus he has not failed to cure deficiencies in previous amendments. Additionally, Defendants have failed to show, through their lack of an opposition, that Plaintiff is moving to amend in bad faith or that Defendants will suffer undue prejudice by allowing the amendment.

Accordingly, the Court **RECOMMENDS** the Motion be **GRANTED** and Plaintiff be allowed leave to file an amended complaint.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to file an amended complaint be **GRANTED**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than <u>**April 18, 2018**</u>, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objection to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than <u>**May 2, 2018**</u>. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  April 4, 2018

_____
Hon. William V. Gallo
United States Magistrate Judge