UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW CEJAS, | Case No.: 14-cv-1923-WQH-WVG |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| DANIEL PARAMO; S. RUTLEDGE; RONALD OLSON; J. RAMIREZ; JAIME; STRAYHORN; and ROBERT BROWN, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation issued by United States Magistrate Judge William V. Gallo (ECF No. 54).

**I.  Background**

On August 15, 2014, Plaintiff Andrew Cejas initiated this action by filing the Complaint. (ECF No. 1). On March 9, 2018, Cejas filed a Motion for Leave to Amend the Complaint. (ECF No. 53) (the "Motion to Amend"). Defendants did not file a response in opposition to the motion. On April 4, 2018, United States Magistrate Judge William V. Gallo entered a Report and Recommendation recommending that the Motion to Amend be granted. (ECF No. 54 at 3). The Magistrate Judge stated

> Here, Plaintiff waited over three and a half years between the filing of his Complaint and his request to file an amended complaint. Plaintiff has offered no reasoning for such a delay other than claiming he has been on lock down "for months." (ECF No. 53.) To call this undue delay would be an understatement. However, "delay alone cannot justify denial of leave to amend." Genentech, Inc., 127 F.R.D. at 530 (N.D. Cal. 1989).

> When examining the remaining Foman factors, the Court finds that leave to amend is appropriate. This is Plaintiff's first request to amend, thus he has not failed to cure deficiencies in previous amendments. Additionally, Defendants have failed to show, through their lack of an opposition, that Plaintiff is moving to amend in bad faith or that Defendants will suffer undue prejudice by allowing the amendment.
>
> Accordingly, the Court RECOMMENDS the Motion be GRANTED and Plaintiff be allowed leave to file an amended complaint.

*Id.* at 2–3. On May 17, 2018, Cejas filed the First Amended Complaint (ECF No. 59).

## II. Discussion

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The Court has reviewed the Report and Recommendation. The Court finds that the Magistrate Judge correctly recommended that the Motion to Amend be granted. The Report and Recommendation is adopted in its entirety.

## III. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 54) is ADOPTED IN ITS ENTIRETY. The Motion to Amend (ECF No. 53) is GRANTED.

Dated: May 31, 2018

Hon. William Q. Hayes
United States District Court