UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW CEJAS, | Case No.: 14-CV-1923-WQH-WVG |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| DANIEL PARAMO, et al., | |
| Defendants. | **[ECF NO. 46]** |

Presently before the Court is Plaintiff's motion for a preliminary injunction. (Mot., ECF No. 46.) Having considered the motion and Defendant's response in opposition, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on August 15, 2014 that alleged, in part, a violation of his First Amendment right to practice his Buddhist religion on the basis that Defendant's unlawfully confiscated Plaintiff's altar cloth and pendant, both of which contained swastikas. On December 1, 2017, Plaintiff filed a motion seeking a mandatory preliminary injunction, requesting the Court to order Defendants to return the confiscated items. On January 10, 2018, Defendants filed an opposition to the motion. (Def's Opp'n, ECF No. 48.)

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The first, and most important, factor of the *Winter* test is the plaintiff's burden to show a likelihood of success on the merits. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). When "a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three *Winter* elements." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (internal quotation omitted).

Injunctive relief is treated as a mandatory injunction when "it orders a responsible party to take action." *Garcia*, 786 F.3d at 740. Where, as here, a plaintiff seeks a mandatory injunction, the burden is "doubly demanding" because the plaintiff "must establish that the law and facts *clearly favor*" his position, "not simply that [he] is likely to succeed." *Id.* (emphasis in original). The Ninth Circuit has cautioned that "a mandatory injunction goes well beyond simply maintaining the status quo *pendente lite* and is particularly disfavored." *Id.*

## III. DISCUSSION

Plaintiff asserts he "can establish that Defendants violated his burden [sic] to practice his Buddhist religion by preventing him from engaging in mandated prostration and meditation with his Buddhist Altar [cloth] every day[.]" (Mot. at 8.) However, outside of this conclusory statement, Plaintiff does nothing to substantiate this assertion. Plaintiff fails to explain how any of the items he seeks or the rituals he wishes to perform are essential to the practice of his religion. Additionally, Plaintiff fails to articulate how the absence of the confiscated items prevents him from practicing the Buddhist faith. Accordingly, the Court finds that Plaintiff has failed to establish he has a likelihood of succeeding on the

merits. Moreover, Plaintiff has failed to show that the law and facts clearly favor his position as required for a mandatory injunction.

Although the Court need not consider the other factors, it notes that Plaintiff has also failed to establish a likelihood of irreparable harm. Plaintiff claims he will suffer irreparable harm without the issuance of an injunction. (Mot. at 9.) In similarly conclusory fashion, Plaintiff claims his First Amendment rights were violated and such violations constitute irreparable injury because they cannot be adequately remedied through damages, citing *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009). (*Id*. at 10.) While the Court agrees with this statement in the abstract, Plaintiff has not demonstrated a likelihood of success that his rights have been violated in this case that may lead to irreparable harm.

Defendants also argue that Plaintiff is not entitled to a preliminary injunction because Plaintiff is seeking the same relief that he is also seeking in his complaint. (Def's Opp'n at 3.) In his complaint, Plaintiff seeks a court order requiring Defendants to allow Plaintiff to retain his "altar cloth and Buddhist swastika pendant[.]" (ECF No. 1 at 35.) Seeking a preliminary injunction is premature when the relief sought by the preliminary injunction is the same as the relief ultimately sought at the conclusion of the case at hand. *See Strickland v. Godinez*, 104 F.Supp. 3d 940, 944 (S.D. Ill. 2015). Accordingly, the Court also finds Plaintiff's request to also be premature.

Since Plaintiff has failed to show the law and facts clearly favor his position, and that Plaintiff's motion is premature, Plaintiff is not entitled to the extraordinary relief of a preliminary injunction at this stage of the proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the motion for preliminary injunction be **DENIED**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that no later than **August 10, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall

be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 17, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: July 9, 2018

Hon. William V. Gallo
United States Magistrate Judge