UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CEJAS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL PARAMO *et al.*,<br><br>　　　　　　　Defendants. | Case No. 14-CV-1923-WQH(WVG)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESS<br><br>[Doc. No. 56.] |

Presently before the Court is Plaintiff Andrew Cejas's Motion for Appointment of Expert Witness. (ECF No. 56.) Because the factual allegations in this case are not so complex as to require expert witness testimony, the Motion is DENIED.

## I. BACKGROUND

Plaintiff, proceeding *pro* se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on August 15, 2014. (ECF No. 1.) Plaintiff is an inmate at Richard J. Donovan Correctional Facility in San Diego, California. All events related to Plaintiff's Complaint transpired between September 2013 and April 2014. (*Id*. at 8-9.) Plaintiff alleges that during the summer of 2013, Sergeant Rutledge conducted a search of

1

Plaintiff's cell block. (ECF No. 20 at 8-9, 12.) During the search, Sergeant Rutledge ordered a subordinate to seize Plaintiff's Buddhist altar cloth because he believed it was a bed sheet that had been altered with swastikas. (*Id*. at 12.) Depictions of swastikas are grounds for confiscation. (*Id*. 12-13.) The altar cloth featured a Buddha sitting on a lotus in the middle; a peacock feather on the side; a snake known as "Naga," the god of rain on the other side; and swastikas in each corner. (*Id*. 13-14.) Plaintiff asserts that the swastikas are Buddhist symbols. (*Id*.) Plaintiff's claims regarding the violation of religious rights and the corresponding retaliation arise from this incident. (ECF No. 20.)

Plaintiff requests that this Court appoint a neutral expert witness to review each party's expert report and prepare an independent expert report in order to resolve the dispute of facts regarding the swastika and Buddhist history. (ECF No. 56 at 1.)

## II.  LEGAL STANDARD

Federal Rule of Evidence 706(a) allows the Court to appoint any expert witness that the parties agree on or any expert of the Court's own choosing. This does not limit a party in calling its own experts. Fed. R. Evid. 706(e).

There are several factors the Court should take under consideration when determining whether to appoint an expert witness under Rule 706. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177 (E.D. Cal. 2011). The first factor is whether the expert witness's testimony will promote accurate fact finding. *Id*. Appointment of an expert witness is generally appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *Arellano v. Hodge*, No. 14CV590-JLS(JLB), 2017 U.S. Dist. LEXIS 96749 (S.D. Cal. June 22, 2017) (citation omitted). If the moving party has produced evidence that establishes a significant dispute that could be resolved by expert witness testimony, appointing a neutral expert may be appropriate. *Gorton*, 793 F. Supp. 2d at 1181. However, "expert witnesses should not be appointed under Rule 706 where

not necessary or significantly useful for the trier of fact to comprehend a material issue." *Id*.

The second factor is whether a party has the ability to procure expert testimony. *Id.* at 1182-83. This factor should be considered, but it is not determinative. *Id.* Appointing expert witnesses under Rule 706 is rare given that the adversary system is usually sufficient to promote accurate fact finding. *See* 29 Fed. Prac. & Proc. Evid. § 6304 (2d ed.) ("[T]he exercise of Rule 706 powers is rare under virtually any circumstances. This is, at least in part owing to the fact that appointing an expert increases the burdens of the judge, increases the costs to the parties, and interferes with adversarial control over presentation of evidence"). However, if a plaintiff is an indigent prisoner proceeding *pro se*, his capacity to acquire expert testimony may prevent him "from presenting a potentially meritorious case." *Gorton*, 793 F. Supp. 2d at 1182. However, an expert should not be appointed solely to aid a party in presenting their case, and experts should only be appointed when necessary to aid the court. *Bovarie v. Schwarzenegger*, No. 08CV1661-LAB(NLS), 2011 U.S. Dist. LEXIS 153924 at *58 (S.D. Cal. Sep. 21, 2011); *see also Faletogo v. Moya,* No. 12CV631-GPC(WMc), 2013 U.S. Dist. LEXIS 18990 at *5 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties").

The third factor the Court should consider is the nature of the claim and the significance of the rights at stake. This factor is not necessary and sufficient under Rule 706, but civil rights actions are entitled to higher level of consideration given that "fundamental Constitutional rights are at stake." *Gorton*, 793 F. Supp. 2d at 1184.

If the Court determines that appointment of an expert is unnecessary given the above factors, it should provide a reasoned explanation for the denial, but the explanation need not be extensive. *Gorton*, 793 F. Supp. 2d at 1184.

## III. DISCUSSION

Plaintiff seeks to have an expert appointed to resolve the dispute of facts regarding the swastika and other Buddhist history. (ECF No. 56 at 2.) However, the material issues in this case regarding swastikas and Buddhism, whether Plaintiff's religious rights were violated, and the related retaliation claims are not complex or beyond a layperson's grasp. Furthermore, Plaintiff is a practicing Buddhist and will have the opportunity to testify to present evidence about swastikas and the Buddhist religion. Given that the issues in this case are not so scientific, technical, or complex as to require specialized knowledge, an expert witness is unnecessary.

Moreover, given the nature of the claims and issue in this case, Plaintiff's inability to obtain an expert will not prevent him from presenting a potentially meritorious case on these issues. *See Gorton*, 793 F. Supp. 2d at 1182 (if a plaintiff's inability to obtain an expert would prevent him from presenting a potentially meritorious case, it should be considered in determining whether to appoint an expert).

Finally, the nature of the case and the Plaintiff's Constitutional rights at stake in this case are not taken lightly. However, the facts of this case do not require the specialized knowledge of an expert witness to assist the Court in its determination. Here, the adversary system will be sufficient for accurate fact-finding.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for appointment of an expert witness is DENIED.

IT IS SO ORDERED

DATED: July 30, 2018

Hon. William V. Gallo
United States Magistrate Judge