UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW CEJAS, | Case No.: 14-CV-1923-WQH-WVG |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION GRANTING DEFENDANTS MOTION TO DISMISS** |
| v. | |
| DANIEL PARAMO, et al., | |
| Defendants. | **[ECF NO. 71]** |

## I. **INTRODUCTION**

Presently before the Court is Defendants S. Rutledge, D. Strayhorn, and D. Jaime's (collectively "Defendants") Motion to Dismiss certain causes of action in Plaintiff Andrew Cejas' First Amended Complaint for failing to state a claim. (Mot., ECF No. 71.) Additionally, Defendant's move to have defendants Olson and Ramirez dismissed for failure to prosecute. (*Id*.)

After considering the Motion and Plaintiff's Opposition, the Court **RECOMMENDS** the Motion be **GRANTED** and the specified causes of action in the First Amended Complaint be **DISMISSED** as described below.

## II. **BACKGROUND**

Plaintiff Andrew Cejas, a state prisoner proceeding *pro se*, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 on May 17, 2018. (*See* ECF No. 59.) In

his FAC, Plaintiff alleges that Defendants seized an "altered handkerchief" adorned with four swastikas, which Plaintiff identifies as an altar cloth, and a swastika pendant. (*Id*. at ¶ 24, 135.) At numerous points throughout the FAC, Plaintiff claims that the swastikas displayed on his altar cloth are not "Nazi swastikas," rather they are Buddhist swastikas. (*See e.g.*, *id*. at ¶¶ 19, 21, 63.) Plaintiff explains that the swastikas are distinct because they face opposite directions. (*Id*. at ¶20.)

In his FAC, Plaintiff has set forth four causes of action. In the first cause of action, Plaintiff alleges that defendants Rutledge, Olson, Ramirez, and Strayhorn violated Plaintiff's First Amendment right to free speech by retaliating against Plaintiff for his filing of grievances. (FAC at ¶¶ 64-89.) In the second cause of action, Plaintiff alleges defendants Strayhorn, Rutledge, and Jaime violated Plaintiff's First Amendment right to free exercise and expression of religion by confiscating and refusing to return the altar cloth and pendant. (*Id*. at ¶¶ 96-97.) Also in the second cause of action is an allegation that defendants Olson and Ramirez violated Plaintiff's First Amendment right to access the federal courts. (*Id*. at ¶¶ 103-111.) In the third cause of action, Plaintiff alleges defendants Rutledge, Jaime, and Strayhorn violated Plaintiff's Fourteenth Amendment right to equal protection. (*Id*. at ¶¶ 112-122.) Plaintiff also alleges that defendants Rutledge, Jaime, Strayhorn, Olson, and Ramirez violated Plaintiff's Fifth and Fourteenth Amendment rights to due process by improperly confiscating Plaintiff's property. (*Id*. at ¶¶ 123-129.) In the fourth cause of action, Plaintiff alleges that defendants Rutledge, Jaime, and Strayhorn violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq., by seizing Plaintiff's religious property. (*Id*. at ¶¶ 130-136.) Plaintiff seeks declaratory judgment, injunctive relief, and monetary damages. (*Id*. at ¶ 138.)

## III. LEGAL STANDARDS

### A. Motion to Dismiss for Failure to Serve

As relevant here, Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the

plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1] "Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "[T]he court's discretion is broad." *Id.*

**B. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

---

[1] Plaintiff filed his original complaint on August 15, 2014. (*See* ECF No. 1.) Prior to a 2015 Amendment of Rule 4, a plaintiff was allowed up to 120 days to serve a defendant with the complaint.

3

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Where, as here, a plaintiff appears *in propria persona* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), *abrogated in part as stated in Boarman v. County of Sacramento*, No. 2:11-cv-0285, 2013 WL 1326196, at *7 (E.D. Cal. Mar. 29, 2013); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). This rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In construing a *pro se* civil rights complaint liberally, however, a court may not "supply essential elements of the claim that were not initially pleaded." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.") Thus, at a minimum, even the *pro se* plaintiff "must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support [his] claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964)).

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts sufficient to show a person acting "under color of state law" committed the alleged conduct, and the conduct deprived the plaintiff of some right, privilege, or immunity protected by the

Constitution or laws of the United States. 42 U.S.C. § 1983.

## IV. DISCUSSION

### A. Failure to Serve

Defendants move to dismiss Olson and Ramirez for failure to serve. (Mot. at 3:19-24.) In his Opposition, Plaintiff argues Olson and Ramirez should not be dismissed because they "were named four years ago" and they have been properly served. (Opp'n, ECF No. 77 at 5.) Plaintiff's claim is belied by the record.

Plaintiff filed his original complaint on August 15, 2014. (*See* ECF No. 1.) On August 24, 2016, Plaintiff was on notice that defendants Ramirez and Olson were not served because both summons were returned unexecuted. (*See* ECF Nos. 9, 10.) Additionally, on October 26, 2016, in the Court's order denying Plaintiff's motion for default judgment, Plaintiff was again alerted to the fact that Olson and Ramirez had not been served. (*See* ECF No. 20 at 1:24-25.[2]) The case was litigated for nearly two years without Olson and Ramirez being served and before Plaintiff filed his FAC on May 17, 2018. (*See* ECF No. 59.) On June 1, 2018, summons served on Ramirez and Olson were returned unexecuted. (*See* ECF No. 64.) On June 29, 2018, the summons served on Ramirez and Olson were again returned unexecuted. (*See* ECF Nos. 67, 68.) To date, Plaintiff has not served Ramirez and Olson. Regardless of whether the Court applies the 120 day deadline by which to serve a defendant applicable in 2014 or the 90 day deadline applicable from 2015 to present, Plaintiff has far exceeded both despite being on sufficient notice that neither Ramirez nor Olson had been served. Accordingly, the Court **RECOMMENDS** that defendants Ramirez and Olson be **DISMISSED WITHOUT PREJUDICE** for failure to serve pursuant to Rule 4(m).

### B. Qualified Immunity

Defendants argue they are entitled to qualified immunity in regards to the free

---

[2] All page references are to the page numbers assigned and stamped by the CM/ECF system.

5

exercise and free expression claims asserted in the second cause of action, the equal protection claim asserted in the third cause of action, and the RLUIPA claim asserted in the fourth cause of action "because they did not have fair warning that confiscating swastikas in prison is an unconstitutional action." (Mot. at 7:6-7.) In support of this argument, Defendants direct the Court's attention to three cases where it was found that "there is no violation of an inmate's religious rights when prison staff confiscate[] swastikas." (*Id*. at 7-9.)

Plaintiff argues Defendants did have fair warning that their actions were unconstitutional. (Opp'n at 15.) In the alternative, Plaintiff argues that the Court may deny qualified immunity in "novel circumstances," citing *Mattos v. Agarano*, 661 F.3d 433, 442 (9th Cir. 2011).

"Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015)). When considering whether an officer is entitled to qualified immunity, the Court considers "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *S.B. v. County of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017). A plaintiff must prove both topics of inquiry to establish that officials are not entitled to qualified immunity. *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).

A district court may address these questions in the order most appropriate to "the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236, 242 (2009). Thus, if a court determines that Plaintiff's allegations do not support a statutory or constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, in the Ninth Circuit, "[w]hen…defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016)

(internal quotation omitted).

"[T]he clearly established law must be 'particularized' to the facts of the case." *White*, 137 S.Ct. at 552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Although the court "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 137 S.Ct. at 551 (internal quotation omitted). However, the plaintiff "bears the burden of showing that the rights allegedly violated were clearly established." *Shafer v. City of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017). When considering qualified immunity, the Court is "limited to considering what facts the officer could have known at the time of the incident." *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017).

Defendants are entitled to qualified immunity on the religious claims because the right for an inmate to possess swastikas, even on religious grounds, was not clearly established at the time of Defendant's alleged misconduct. Plaintiff has not provided the Court with any case that clearly establishes that seizing an item with a swastika depiction, even a purported religious item, is violative of the Constitution and the Court is unaware of such a case. Most persuasive, however, are the cases Defendants cite which demonstrate not only that such a case does not exist but that courts have frequently found that seizing purportedly religious items with swastika depictions from inmates is not a violation of the First Amendment or RUILPA.[3] (*See* Mot. at 7:9-16.) Since the right of an inmate to possess

---

[3] Defendants cite to: *Rowe v. Indiana Dept. of Correction*, No. 11-CV-524-JMS-MJD, 2014 WL 819418, 2014 U.S. Dist LEXIS 27060 (S.D. Ind. 2014) (finding defendants that confiscated swastika pendant that was claimed to be a religious artifact in violation of the First Amendment were entitled qualified immunity); *Rooks v. Zavares*, No. 99-B-631, 2001 WL 34047959, 2001 U.S. Dist. LEXIS 24540 (D. Colo. 2001) (finding defendants that confiscated swastika medallion that was claimed to be a religious artifact in violation of the First Amendment were entitled qualified immunity); *Pike v. Gomez*, No. C-91-2114MHP, 1993 WL 343134, 1993 U.S. Dist. LEXIS 1228 (N.D. Cal. 1993) (finding that defendants did not violate the plaintiff's First Amendment right to free exercise by requiring the plaintiff to remove a swastika displayed on a cell wall).

purported religious items with swastika depictions was not clearly established, Defendants are entitled to qualified immunity. Accordingly, the Court **RECOMMENDS** the free exercise and free expression claims asserted in the second cause of action, the equal protection claim asserted in the third cause of action, and the RLUIPA claim asserted in the fourth cause of action be **DISMISSED WITH PREJUDICE**.

### C. Failure to State a Claim (Causes of Action Two, Three, and Four)

#### i. Free Exercise and Free Expression Claims (Second Cause of Action)[4]

Defendants move to dismiss Plaintiff's second cause of action claims that they violated Plaintiff's First Amendment right to free exercise and expression of religion because "Plaintiff fails to allege a substantial burden on the exercise of his religion." (Mot. 4:19-22; 7.)

The Free Exercise Clause of the First Amendment states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. 1. "Inmates retain the protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (internal quotation omitted). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993) (internal quotation omitted). Prison inmates also retain limited First Amendment rights to free expression. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Shaw v. Murphey*, 532 U.S. 223, 229 (2001).

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). Four factors are to be considered when determining the

---

[4] The Court discusses Defendant's arguments that Plaintiff fails to state a claim of free exercise and free expression violations assuming, *arguendo*, that Defendant's do not have qualified immunity.

reasonableness of a prison rule: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives[.]" *Turner*, 482 U.S. at 89. The burden is on the plaintiff to demonstrate that a restriction on expression is not reasonable. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

Regarding the first factor, Plaintiff does not appear to challenge a prison regulation. Rather, Plaintiff claims that prison regulations allow his altar cloth and pendant, that Defendants acted in a manner inconsistent with prison regulations and thus improperly confiscated Plaintiff's property. (*See e.g.*, FAC at ¶¶ 18, 96, 99.) As explained further below, such conduct is not actionable pursuant to § 1983. Even construing the allegations as if he were challenging a regulation, Plaintiff fails to identify which regulation he is challenging. Given this, Plaintiff has failed to plead facts showing the applicable restriction or limitation, and the lack of a legitimate penological interest. Thus, this factor favors dismissal.

Regarding the second factor, Plaintiff articulates at great length that meditation is a "major" component of the Buddhist religion. (*Id*. at ¶ 92.) Plaintiff maintains that he engages in the mandated meditation, chanting, and prostration as required by the Buddhist faith. (*Id*. at ¶ 95.) However, Plaintiff fails to articulate how the confiscation of the altar cloth has prevented him from engaging in meditation, chanting, and prostration, or any other facet of the Buddhist faith. Moreover, Plaintiff fails to articulate how an altar cloth and pendant, with or without swastikas, is required for these activities. Given this, Plaintiff has failed to allege that Defendants have substantially burdened his exercise of the Buddhist religion and this factor favors dismissal.

Given Plaintiff's failure to plead which regulation is being challenged, the Court is unable to address the remaining two factors. However, it is clear Plaintiff has failed to meet

the pleading standard sufficient to state a claim. Plaintiff has not identified a prison regulation and a lack of penological interest. Nor has he sufficiently pled his religious practices have been substantially burdened. Accordingly, the Court **RECOMMENDS** Plaintiff's claims against Rutledge, Strayhorn, and Jaime for violating Plaintiff's First Amendment right to free exercise and expression be **DISMISSED**.

### ii. Equal Protection (Third Cause of Action)[5]

Defendants seek the dismissal of Plaintiff's Fourteenth Amendment equal protection claims contained in Plaintiff's third cause of action. Defendants argue that Plaintiff has not alleged that other groups were allowed to possess items containing a swastika and, more generally, that Plaintiff has not alleged that he was denied all altar cloths and pendants while others were permitted to possess such items. (Mot. at 3:7-18.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Prisoners are protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) *abrogated in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see also Davis v. Powell*, 901 F.Supp.2d 1196, 1218-19 (S.D. Cal. 2012).

However, conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless they are supported by facts that may prove discriminatory intent or purpose. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Therefore, when an equal protection violation is alleged, the plaintiff must plead

---

[5] The Court discusses Defendant's arguments that Plaintiff fails to state a claim of an equal protection violation assuming, *arguendo*, that Defendant's do not have qualified immunity.

facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir.1991) (citations omitted); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (a "plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class").

In the FAC, Plaintiff alleges that he "was treated differently from other similarly situated" inmates of other religions because Defendants did not confiscate the altar cloths and pendants from inmates of other religions. (FAC at ¶ 116.) However, the crux of this case, as Plaintiff describes it at numerous occasions in the FAC, is the swastikas and not simply altar cloths and pendants generally. Here, Plaintiff fails to allege that worshipers of other faiths were allowed to keep their property, religious or otherwise, containing swastikas. Even if viewed generally, Plaintiff fails to allege that all of his religious altar cloths and pendants were confiscated while others were allowed to keep theirs. Thus, Plaintiff has failed to allege that Defendants have acted in a discriminatory manner and the Court **RECOMMENDS** the equal protection claim be **DISMISSED**.

### iii. Due Process Violations (Third Cause of Action)

Defendants moves to dismiss Plaintiff's claims of Fifth and Fourteenth Amendment Due Process violations as alleged in the third cause of action based on the confiscation of the altar cloth and pendant because deprivation of property is not actionable under § 1983.[6]

---

[6] Plaintiff claims due process violations under both the Fifth and Fourteenth Amendments. "Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment … that 'must be the guide for analyzing that complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion); *see also Campos v. City of Merced*, 709 F.Supp.2d 944, 959-60 (E.D. Cal. 2010). Here, Plaintiff's due process claims are more properly considered under the Fourteenth Amendment. *See Clark v. Small*, 9-CV-1484-L-JMA, 2010 WL 935675, at *4 n. 2 (S.D. Cal. 2010) (finding Fifth and Fourteenth Amendment claims made by state inmate were more appropriately reviewed as Fourteenth Amendment claims). Accordingly, the Court will analyze Plaintiff's due process claims as arising under the Fourteenth Amendment.

(Mot. at 10:8-12.)

The Due Process Clause prohibits states from "depriving any person of life, liberty, or property, without the due process of law." U.S. Const. amend. XIV. However, where a prisoner alleges the deprivation of property caused by an unauthorized action of a prison official, there is no claim cognizable pursuant to § 1983 if the state has an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). An available state common law tort claim procedure to recover the value of property is an adequate remedy. *See Zinermon*, 494 U.S. at 128-29. The Ninth Circuit has unequivocally stated that "California Law provides an adequate post-deprivation remedy for any property deprivations" suffered by inmates. *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

Plaintiff's allegation that "each defendant wrongfully deprived Plaintiff of religious property" is not actionable pursuant to § 1983. (FAC at ¶ 126.) Accordingly, the Court **RECOMMENDS** the due process claims in regards to the deprivation of property be **DISMISSED WITH PREJUDICE**.

### iv. RLUIPA (Fourth Cause of Action)[7]

Defendants move to dismiss Plaintiff's fourth cause of action claim that Defendants substantially burdened Plaintiff's ability to practice Buddhism in violation of RLUIPA. (Mot. at 5:24-6:13.) Defendants argue that Plaintiff does not sufficiently assert that the "confiscation of a single altar cloth and pendant with swastikas" places a substantial burden on his religious beliefs. (Mot. at 6:11-13.) The Court agrees.

"RLUIPA protects prisoners and other institutionalized people from government infringement on their practice of religion." *Mayweathers v. Newland*, 314 F.3d 1062, 1065 (9th Cir. 2002). The Act provides, in relevant part:

No government shall impose a substantial burden on the religious exercise of

---

[7] The Court discusses Defendant's arguments that Plaintiff fails to state a claim that Defendant's violated RLUIPA assuming, *arguendo*, that Defendant's do not have qualified immunity.

12

a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

A plaintiff asserting a RLUIPA violation has the initial burden of alleging a *prima facie* claim that the challenged state action constitutes a "substantial burden on the exercise of his religious beliefs." *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). If the plaintiff meets his burden, the state must then prove that "any substantial burden … is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." *Id*. at 995 (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." *Id*. "Nonetheless, a prison's accommodation of religious observances should not be elevated over an institution's need to maintain order and safety." *Davis v. Powell*, 901 F.Supp.2d 1196, 1230 (S.D. Cal. 2012) (internal quotation omitted). "Prison security constitutes a compelling state interest, and courts must give deference to prison officials' expertise in this area." *Id*. (citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13 (2005)).

A "substantial burden" on religious exercise "must impose a significantly great restriction or onus upon such exercise" or "'where the state denies an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id*. (quoting *Warsoldier*, 418 F.3d at 995).

In Plaintiff's FAC, he, in conclusory fashion, states the confiscation of his altar cloth "imposed a substantial burden on his mandatory religious exercise and worship." (FAC at ¶ 131.) Plaintiff then adds that Defendants "did not have a compelling government interest"

when seizing Plaintiff's altar cloth and pendant. (FAC at ¶ 132.) Here, all Plaintiff has done is drafted a "formulaic recitation of the elements of a cause of action" which "will not do" without something more. *Twombly*, 550 U.S. at 555. Accordingly, the Court **RECOMMENDS** the RLUIPA claim against Rutledge, Strayhorn, and Jaime be **DISMISSED**.[8]

## V. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** the Motion to dismiss the FAC be **GRANTED** as follows:

(1) All allegations against Olson and Ramirez be **DISMISSED WITHOUT PREJUDICE** for failure to serve;

(2) Plaintiff's second cause of action, except for Plaintiff's claims regarding access to the court, the equal protection portion of Plaintiff's third cause of action, and Plaintiff's fourth cause of action against Rutledge, Strayhorn, and Jaime be **DISMISSED WITH PREJUDICE** because they are entitled to qualified immunity;

(3) Plaintiff's third cause of action against defendants Rutledge, Strayhorn, and Jaime regarding due process violations be **DISMISSED WITH PREJUDICE** because the claims are not cognizable under § 1983; and

(4) The monetary damages claims pursuant to RLUIPA be **DISMISSED WITH PREJUDICE**.

This Report and Recommendation will be submitted to the United States District

---

[8] Defendants also move to have the monetary damages claim pursuant to RLUIPA claim be dismissed because "RLUIPA does not allow for monetary damages" against individual defendants. (Mot. at 6:16-21.) "RLUIPA does not authorize suits for damages against state officials in their individual capacities…" *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (citing *Woody v. Yordy*, 753 F.3d 899, 903-04 (9th Cir. 2014). Moreover, "[t]he Eleventh Amendment bars [Plaintiff's] suit for official-capacity damages under RLUIPA." *Holley v. California Dept. of Corrections*, 599 F.3d 1108, 1114 (9th Cir. 2010). Thus, the Court **RECOMMENDS** the monetary damages portion of Plaintiff's RLUIPA claim be **DISMISSED WITH PREJUDICE**.

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). **IT IS ORDERED** that no later than **February 15, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objection to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 22, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: January 17, 2019

Hon. William V. Gallo
United States Magistrate Judge