UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANDREW CEJAS, | Case No.: 14-cv-1923-WQH-WVG |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| DANIEL PARAMO, et al., | |
| Defendants. | |

HAYES, Judge:

    The matter before the Court is the review of the Report and Recommendation issued by United States Magistrate Judge William V. Gallo. (ECF No. 82).

**I.    Background**

    On August 15, 2014, Plaintiff Andrew Cejas initiated this action by filing the Complaint. (ECF No. 1). On May 7, 2018, Plaintiff filed an Amended Complaint (FAC). (ECF No. 59). On June 29, 2018, Defendants S. Rutledge, D. Strayhorn, and D. Jaime filed a Motion to Dismiss. (ECF No. 71). On August 8, 2018, Plaintiff filed Opposition. (ECF No. 77). On January 17, 2019, United States Magistrate Judge William V. Gallo issued a Report and Recommendation recommending the dismissal of Plaintiff's FAC (ECF No. 82). On March 4, 2019, Plaintiff filed an Objection to the Report and Recommendation. (ECF No. 85). On March 20, 2019, Defendants filed a Reply to Plaintiff's objection. (ECF No. 86).

**II.    The Report and Recommendation**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

**A. Plaintiff's Objection**

Plaintiff objects to the recommendation that all claims against Defendants Olson and Ramirez be dismissed for failure to serve. Plaintiff contends that Defendants Rutledge, Strayhorn, and Jaime had an obligation "pursuant to discovery" to provide Plaintiff with the current addresses of Olson and Ramirez, since Olson and Ramirez no longer work at Richard J. Donovan Correctional Facility (RJDCF). (ECF No. 85 at 2). Plaintiff contends that the Magistrate Judge should have ordered Rutledge, Strayhorn, and Jaime to provide Plaintiff with the current address of Defendants Olson and Ramirez. Defendants Rutledge, Strayhorn, and Jaime contend that they have no obligation to provide Plaintiff with the addresses of Defendants Ramirez and Olson.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if a complaint is not served within 90 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Plaintiff is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). When advised of a problem accomplishing service, a pro se

litigant must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987); *see Puett v. Blandford*, 912 F.2d 270, 274 (9th Cir. 1990) ("[A]gree[ing] with the reasoning" in *Rochon*). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421–22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029–31 (7th Cir.1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

In this case, Plaintiff was first informed of his failure to serve Defendants Olson and Ramirez on August 24, 2016, when summonses for Olson and Ramirez were returned unexecuted indicating Olson and Ramirez no longer worked at the RJDCF.[1] (ECF Nos. 9, 10). On June 29, 2018, Plaintiff was again informed that Defendants Olson and Ramirez no longer work at RJDCF when his summonses for the FAC were returned unexecuted. (ECF Nos. 67, 68). On the second unexecuted Form 285, the Marshal stated "Please provide new address for service." *Id.* Plaintiff did not provide the Marshal with a new address for service. Despite more than two years' notice of deficient service, Plaintiff has provided no evidence that Plaintiff attempted to remedy this deficiency or sought assistance of the Court or opposing counsel to remedy this deficiency. Plaintiff has failed to meet his burden to demonstrate that he attempted to remedy an apparent defect of which he had knowledge. *See Rochon*, 828 F.2d at 1110; *Puett*, 912 F.2d at 274. The Court finds that

---

[1] Plaintiff misspelled Ramirez's last name on the first summons "Ramires, J.". Despite the misspelling, it appears that the litigation coordinator was still able to identify J. Ramirez. *See* ECF No. 10.

the Magistrate Judge correctly determined that Plaintiff's claims against Defendants Olson and Ramirez should be dismissed without prejudice.

The Court has reviewed the remainder of the Report and Recommendation, to which no objection was filed. The Court finds that the Magistrate Judge correctly recommended that the Motion to Dismiss the FAC be granted. The Report and Recommendation is adopted in its entirety.

### III. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 82) is ADOPTED IN ITS ENTIRETY. The Motion to Dismiss (ECF No. 71) is GRANTED as follows:

(1) All allegations against Olson and Ramirez are DISMISSED WITHOUT PREJUDICE for failure to serve;

(2) Plaintiff's second cause of action, except for Plaintiff's claims regarding access to the court, the equal protection portion of Plaintiff's third cause of action, and Plaintiff's fourth cause of action against Rutledge, Strayhorn, and Jaime is DISMISSED WITH PREJUDICE because they are entitled to qualified immunity;

(3) Plaintiff's third cause of action against defendants Rutledge, Strayhorn, and Jaime regarding due process violations is DISMISSED WITH PREJUDICE because the claims are not cognizable under § 1983; and

(4) The monetary damages claims pursuant to RLUIPA are DISMISSED WITH PREJUDICE.

Dated: March 28, 2019

*[signature]*
Hon. William Q. Hayes
United States District Court