UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>                      Plaintiff,<br><br>v.<br><br>DANIEL PARAMO *et al.*,<br><br>                      Defendants. | Case No.: 14-CV-1923-WQH(WVG)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**[Doc. No. 97.]** |

    Plaintiff moves to strike all thirteen affirmative defenses in Defendants' Answer to the First Amended Complaint. This Court RECOMMENDS that Plaintiff's motion to strike be DENIED in its entirety.

## I.    BACKGROUND

    On May 17, 2018, Plaintiff filed a First Amended Complaint with leave of Court. (Doc. No. 59.) Defendants filed an Answer on May 10, 2019 after motion practice, which resulted in the Court granting-in-part a motion to dismiss. (Doc. No. 90.) The Answer contains thirteen affirmative defenses along with responses to the factual and preamble paragraphs from the First Amended Complaint. Plaintiff in turn, filed a "response" in the form of a motion to "strike or set aside" Defendants' affirmative defenses. (Doc. No. 97.) The motion is a paragraph-by-paragraph response to the Answer. In many places, Plaintiff simply asserts that he agrees or disagrees with corresponding portions of the Answer. (*See,*

*e.g.*, Doc. No. 97 at ¶¶ 1-2, 4-7 (agreeing); 3 (disagreeing).) In response to Defendants' contentions that they "lack sufficient knowledge or information to admit or deny the remaining allegations, and on that basis, deny the allegations," (*see, e.g.*, Doc. No. 94 ¶¶ 2, 9, 11-13, 16-17, 23-24, 28-29, 38), Plaintiff asserts that Defendants *do* have sufficient knowledge and information to admit the allegations, (*e.g., id.*, at ¶¶ 2, 7, 9-17, 19, 23-24, 28-30, 32, 34, 38). As for the thirteen affirmative defenses, Plaintiff attempts to argue the substantive merits of each defense. For example, in response to Defendants' assertion of the qualified immunity defense (Doc. No. 94 at 5), Plaintiff argues:

> Defendants are not entitled to qualified immunity because their conduct was unconstitutional, and the federal First Amendment rights asserted [were] clearly established at the time of the alleged First Amendment violations. Defendants had fair notice that retaliation violated the First Amendment. Defendant[] Rutledge['s] conduct did violate clearly established law of which a reasonable person would have known, and Rutledge['s] action did not reasonably advance a legitimate correctional goal. Defendant[] Rutledge violated Plaintiff's First Amendment rights, and [is] not entitled to qualified immunity. Defendant[] Rutledge did not act within the scope of discretion or in good faith. Defendant[] Rutledge carried out his threat to retaliate, and violated mandatory statutes, rules, regulations and practice not in good faith. Defendant[] Rutledge violated federal and state law.

(Doc. No. 97 at 7-8.) The motion proceeds in this manner in response to the first, second, third, fourth, fifth, eleventh affirmative defenses. (*Id.* at 7-10, 12.) As to the remaining affirmative defenses, Plaintiff simply asserts that Defendants cannot prevail. (*Id.* at 10-12.) For example, in response to the eighth affirmative defense of "waiver," Plaintiff asserts: "Plaintiff has not [w]aived any claims violating to damages [sic] and/or injury caused by Defendant Rutledge." (*Id.* at 11.)

## II. DISCUSSION

Plaintiff's motion demonstrates a fundamental misunderstanding of the purpose of Answers and motions to strike affirmative defenses. The purpose of an Answer is simply to give notice of the issues in dispute and to preserve defenses—not to litigate the merits of the case or to assert detailed facts. *United States v. All Assets Held at Bank Julius Baer*

*& Co.*, 959 F. Supp. 2d 81, 116 n.21 (D.D.C. 2013) (noting that "one function of an answer" is to identify "points of disagreement"); *Garrett v. Walker*, No. CIV S-06-1904-RRB-EFB-P, 2007 U.S. Dist. LEXIS 55829, at *3 (E.D. Cal. July 31, 2007) ("The purpose of the answer is to simply admit or deny allegations of the complaint, not to test sufficiency of evidence."); *Buford v. Vang*, No. 00CV6496-REC-SMS-P, 2005 U.S. Dist. LEXIS 24734, at *10 (E.D. Cal. July 7, 2005) ("The function of the answer is to put the case at issue as to all important matters alleged in the complaint that the defendant does not want to admit."); *see also M.C. v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1199 (9th Cir. 2017).

Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings. The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations and citation omitted). Motions to strike are regarded with disfavor because striking is such a drastic remedy. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).

In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "The defendant must articulate the affirmative defense clearly enough that the plaintiff is not a victim of unfair surprise. *It does not, however, require a detailed statement of facts*." *Id.* (citation and internal quotations omitted; emphasis added); *see also Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in general terms.") (internal quotations and citation omitted).

Here, rather than argue that any affirmative defense is insufficient, redundant, immaterial, impertinent, or scandalous, Plaintiff either argues the merits of various defenses or provides a substantive response to other defenses. However, he fails to provide any cognizable basis for the Court to *strike* any affirmative defense—for example, because one is not a proper defense as a matter of law. The Court finds nothing improper about Defendants' affirmative defenses, which simply place Plaintiff on notice and fulfill the purpose of such pleadings. Accordingly, because Plaintiff has not satisfied the standard for striking any affirmative defense under Rule 12(f), his motion is wholly without merit and should be DENIED.

### III. CONCLUSION

For the reasons set forth herein, this Court RECOMMENDS that Plaintiff's motion to strike be DENIED.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **October 1, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **October 10, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). IT IS SO ORDERED.

DATED: September 9, 2019

Hon. William V. Gallo
United States Magistrate Judge