UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL PARAMO *et al.*,<br><br>Defendants. | Case No.: 14-CV-1923-WQH(WVG)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS AND DISMISS CASE**<br><br>**[Doc. No. 106.]** |

Defendants move for an Order revoking Plaintiff's *in forma pauperis* status and dismissing the case with prejudice. This Court recommends that Defendants' motion be DENIED.

I. **BACKGROUND**

On July 20, 2016, the Court granted Plaintiff leave to proceed *in forma pauperis* after he filed a declaration on June 22, 2016, attesting that he had not received any form of income in the previous twelve months. (Doc. Nos. 4, 7.) Plaintiff also submitted a "Prison Certificate" executed by a Richard J. Donovan Correctional Facility Senior Accounting Officer attesting that his account carried no average monthly balance and had no monthly deposits over the preceding six-month period. (Doc. No. 4 at 7.) Plaintiff also submitted a certified copy of his prisoner trust account showing he had a $0.70 balance as of June 10,

2016, the date the statement was printed. (*Id.* at 6.) The Court found Plaintiff had no means to pay the initial filing fee and directed the CDCR to collect the remaining $350 in fees from Plaintiff on an installment basis. (Doc. No. 7 at 6.)

Defendants contend Plaintiff's IFP declaration was false because he had in fact received $3,000 from a settlement in a lawsuit during that time period. As the Court ordered, Defendants filed copies of Plaintiff's trust account statement from September 2016, when Plaintiff received the settlement funds. (Doc. No. 112.) The statement shows that Plaintiff's account was credited $2,850 and then immediately on the same day debited the same amount, leaving a $0.00 balance. (*Id.* at 4.) Defendants explain that a "standard $150 processing fee" was deducted from the $3,000 gross settlement funds before the remaining $2,850 was taken from Plaintiff's account and paid towards "Plaintiff's criminal restitution debt." (*Id.*) Nonetheless, Defendants now ask the Court to revoke Plaintiff's IFP status and dismiss the case for an untrue allegation of poverty and resulting abuse of the IFP process.

## II.  LEGAL STANDARD

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

If, at any time, the Court determines that a Plaintiff's "allegation of poverty is untrue, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

2

14-CV-1923-WQH(WVG)

### III. DISCUSSION

Based on the documentary evidence, it certainly appears that Plaintiff's representation that he had not received any income was *technically* not correct. Plaintiff had negotiated settlement of an unrelated civil matter on May 12, 2016 for $3,000, and the settlement agreement was fully executed on June 7, 2016. And as Plaintiff's trust account shows, Plaintiff's account was credited $2,850 on September 16, 2016. Between the negotiation of the settlement and trust account credit, Plaintiff filed his IFP application on June 22, 2016. The records certainly establish that Plaintiff had expected to receive $3,000 from a settlement at the time he filed his IFP application. However, the Court notes he had not received the funds as of the date he filed the application—he only expected to receive the funds on some unknown future date. The records also establish that on the same day the remaining $2,850 was applied to Plaintiff's account, the CDCR immediately withdrew an identical amount and applied those funds to the restitution Plaintiff had been ordered to pay in other cases. The net result of these transactions was to completely remove the incoming funds from Plaintiff's account, leaving him with a $0.00 balance. In reality, Plaintiff never actually *received*—or had available at his disposal—a single penny of the settlement funds.

Based on the foregoing, the omission of this income from Plaintiff's IFP declaration was of no moment because it would not have affected the Court's ultimate decision had the information been included. On the day Plaintiff filed his IFP application, he completely lacked funds from the settlement to apply towards filing fees in this case. That remained the case even when he was "paid" the funds. Thus, the Court's finding in its IFP Order that Plaintiff had no means to pay the filing fees would have remained the same since the certified prisoner trust account statement Plaintiff submitted showed he lacked funds as of the date of the IFP application. The same would have been true had Plaintiff updated his prisoner trust account from September 2016, as Plaintiff had even less money available to him then. Accordingly, Plaintiff's "allegation of poverty" for all practical purposes was

not untrue such that revocation of his IFP status and dismissal are warranted here. *See* 28 U.S.C. § 1915(e)(2)(A).

In sum, this Court does not recommend revocation of Plaintiff's IFP status since there is no evidence that he had or has the means to pay any fees. Dismissing this case on such a petty technicality would fly in the face of the general policy in favor of resolution of cases on their merits.

### IV. CONCLUSION

Based on the foregoing, this Court RECOMMENDS that Defendants' motion be DENIED.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Additionally, **IT IS ORDERED:**

1. That **no later than October 4, 2019**, any party to this action may file written objection with the Court and serve a copy on all parties. Given the extensive extensions the Court has granted Plaintiff and the delay that has caused, the parties should not expect that any further extensions will be granted.

2. **The objection shall be no more than 10 pages in length** and shall be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specific time may waive to raise those objections on the appeal. **No reply briefs in response to the Objections will be accepted.**

**IT IS SO ORDERED.**

DATED: September 19, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge