UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANDREW CEJAS,

                          Plaintiff,

v.

DANIEL PARAMO, et al.,,

                          Defendants.

Case No.: 14-cv-1923-WQH-WVG

**ORDER**

HAYES, Judge:

      The matter before the Court is the review of the Report and Recommendation issued by United States Magistrate Judge William V. Gallo (ECF No. 111), recommending that Plaintiff's Motion to Strike or Set Aside Defendants' Affirmative Defenses (ECF No. 97) be denied.

      The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the

Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

No party has filed an objection to the Report and Recommendation. The Court has reviewed the Report and Recommendation, the record, and the submissions of the Parties. The Court adopts the recommendation of the Magistrate Judge that Plaintiff's Motion to Strike be denied regarding the First through Seventh and Ninth through Thirteenth Affirmative Defenses. The Court does not adopt the portion of the Report and Recommendation recommending that the Motion to Strike the Eighth Affirmative Defense be denied.

Plaintiff requests the Court strike "some or all affirmative defenses," because Defendants lack "any supporting facts or explanation as to how [each] affirmative defense applies to this case." (ECF No. 97 at 14). A court may strike an affirmative defense that fails to give the plaintiff fair notice of the defense and is therefore insufficient as a matter of law. *See, e.g.*, *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013).

In their Eighth Affirmative Defense, Defendants "assert that Plaintiff has waived all claims relating to the damages alleged." (ECF No. 94 at 7). Defendants give no indication of how Plaintiff may have waived his right to recovery, and facts supporting waiver are not apparent on the face of the Complaint. Although a detailed recitation of facts is unnecessary, reference to a legal doctrine does not provides fair notice of an affirmative defense. *See Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2018) (holding that "simply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense"); *see also Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 666 (S.D. Cal. 2014) (holding that defendants' allegation that "as a result of her own acts and/or omissions, Plaintiff has waived any right which she may have had to recover . . ." failed to provide fair notice). Defendants fail to state the "nature and grounds" of their defense of waiver. *See San Diego Port Dist. v. Monsanto Co.*, 309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) ("Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense.") (quotation omitted). Defendants'

Eighth Affirmative Defense fails to provide Plaintiff "fair notice" and should be stricken. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)), *abrogated in part by Castro v. Cnty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 111) is adopted in its entirety, except as stated in this Order. Plaintiff's Motion to Strike or Set Aside Defendants' Affirmative Defenses (ECF No. 97) is GRANTED as to the Eighth Affirmative Defense and otherwise DENIED. Defendants shall file any motion to amend the Answer within 30 days of the date of this Order.

Dated: October 8, 2019

Hon. William Q. Hayes
United States District Court