UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANDREW A. CEJAS,

F-34368

                              Plaintiff,

v.

DANIEL PARAMO, et al.,

                           Defendants.

Case No.:  14cv1923-JO-WVG

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**

*Pro se* Plaintiff Andrew Cejas filed his second motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1).  Dkt. 134.  On November 8, 2022, the Court continued the trial date pending its consideration of that motion and has since made multiple unsuccessful referrals to the Court's Pro Bono Panel pursuant to S.D. Cal. General Order 596.  For the following reasons, the Court denies without prejudice the motion to appoint counsel.

While the United States Constitution provides no right to appointment of counsel in civil cases, s*ee Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980), the Court may, in its discretion, appoint counsel for an individual who is unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1).  Such requests are granted only in "exceptional circumstances," after an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the

1

petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Plaintiff bears the burden of showing that exceptional circumstances exist. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Upon review of the documents that Plaintiff has filed in this case and in other cases,[1] the Court finds that Plaintiff's prior filings demonstrate his ability to articulate his legal claims.  For example, in the instant case, Plaintiff has demonstrated his ability to successfully defend against Defendants' multiple motions to dismiss and for summary judgment. *See, e.g.*, Dkt. 120. The Court also had the opportunity to observe Plaintiff's ability to express his ideas and advocate for himself at a hearing on June 16, 2022. Moreover, the Court finds that Plaintiff's claims that prison personnel violated his civil rights when they seized his religious property are not factually or legally "complex." Because the Court finds that Plaintiff has demonstrated his ability to articulate the legal basis and factual circumstances relevant to his claims, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel at this time. *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

///

///

///

///

///

///

///

///

---

[1] The Court takes judicial notice of the other cases that Plaintiff has filed in this district and his filings in this case. Fed. R. Evid. 201.

For the reasons stated above, the Court denies Plaintiff's motion to appoint counsel without prejudice.  The Court sets a teleconference on December 14, 2022 at 9:30 a.m. for the purpose of scheduling a new trial date.  Any party or counsel may appear by video.  A video conference link will be provided to the parties by the Courtroom Deputy prior to the teleconference.

**IT IS SO ORDERED**.

Dated:  November 29, 2022

_____
Hon. Jinsook Ohta
United States District Judge