1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9               SOUTHERN DISTRICT OF CALIFORNIA
10
11  ANDREW A. CEJAS,                        Case No.: 14-CV-1923-JO-WVG
12                              Plaintiff,
                                            **ORDER ON MOTIONS TO**
13  v.                                      **APPOINT EXPERT AND FOR**
                                            **EXPERT REPORTS (Doc. Nos. 145,**
14  DANIEL PARAMO, et al.,                  **146.)**
15                             Defendants.
16

17          Before the Court are two motions, namely Andrew A. Cejas' ("Plaintiff") Motion to
18  Appoint Expert and Motion for Expert Reports. (Doc. Nos. 145, 146.) Plaintiff first moves
19  the Court for appointment of an expert witness. (Doc. No. 145.) He also moves the Court
20  for an order compelling Defendants' production of their unretained expert witness' report.
21  (Doc. No. 146.) Having reviewed and considered Plaintiff's submissions, the Court
22  DENIES both Motions, addresses each in turn, and explains below.
23          Rule 706 of the Federal Rules of Evidence governs Plaintiff's request for an
24  appointment of an expert witness. Rule 706(a) provides, "On a party's motion or on its
25  own, the court may order the parties to show cause why expert witnesses should not be
26  appointed and may ask the parties to submit nominations." Fed. R. Evid. 706(a). The Rule
27  adds that "the court may appoint any expert that the parties agree on and any of its own
28  choosing." *Id*. The Court's exercise of its discretion to appoint a neutral expert witness

hinges on whether "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Venegas v. Sniff*, 2021 WL 6104186 at *4 (C.D. Cal. Sept. 10, 2021) (citing *Christian v. Cty. of Los Angeles*, 2020 WL 8410438 at *2 (C.D. Cal. Apr. 9, 2020) and *Bruister v. Asuncion*, 2018 WL 5903908, at *1 (C.D. Cal. May 30, 2018).). At all times, "the appointment of an expert is widely considered an extraordinary activity that is appropriate only in rare instances." *Id.* (citing *Leichner v. United States*, 2017 WL 10562761 at *4 (C.D. Cal. Mar. 9, 2017).

Here, the Court finds no factual or legal basis to support Plaintiff's Motion to Appoint Expert Witness. (Doc. No. 145.) Plaintiff's instant Motion consists of two parts and nothing more, namely his request for appointment and citations to general propositions of law relating to his request. Notably, Plaintiff offers no reason to invite the Court's exercise of its discretion to appoint an expert in this case. In its independent inquiry into the matter, the Court confirms no reason exists. This action is not of a complex variety that would call for an expert poised with scientific, technical, or other specialized knowledge to assist the trier-of-fact. In fact, the sole cause of action to be tried is Plaintiff's retaliation claim, which implicates Defendants' purported retaliation after Plaintiff complained about Defendants' confiscation of his swastika pendant and bandana bearing the insignia.

Taken together, Plaintiff's operative factual allegations do not warrant the appointment of an expert witness. The allegations may be proven or disproven through personal knowledge, lay testimony, and other evidence that does not rise to the level of complexity Rule 706(a) contemplates. *Sekerke v. Arkwright*, 2023 WL 1453147 at **7-8 (S.D. Cal. Feb. 1, 2023) (denying appointment of expert witness for lack of complexity under Rule 706) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-359 (7th Cir. 1997) (affirming denial of appointment of expert witness and noting "determining deliberate indifference was not so complicated that an expert was required… because the test to decide whether a prison official acted with deliberate indifference is a subjective one."); *see also Kakowski v. Allison*, 2022 WL 2306828 (S.D. Cal. June 27, 2022) (finding same and citing *Woods v. Carey*, 488 F. App'x 194, 196 (9th Cir. 2012), *Sanders v. York*, 446 F.

App'x 40, 43 (9th Cir. 2011), and *Torbert v. Gore*, 2016 WL 3460262 at *2 (S.D. Cal. June 23, 2016)). The Court separately notes Plaintiff's indigence does not entitle him to appointment of an expert witness. *Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) (observing "there is no statutory authorization for a court-appointed investigator for civil litigants proceeding *in forma pauperis*."). For these reasons, the Court DENIES Plaintiff's Motion for Appointment of Expert Witness.

In turning to Plaintiff's Motion for Expert Reports, the Court DENIES Plaintiff's request to compel Defendants' disclosure of any reports from their unretained expert. On March 15, 2023, Defendants filed their Notice of Expert Disclosures ("Notice"), which indicated Defendants designated Efrin Ramirez, a Correctional Officer in the Investigative Services Unit at Richard J. Donovan Correctional Facility, as an unretained expert in this matter. (Doc. No. 144.) Defendants averred Mr. Ramirez "is not specially retained or employed to provide expert testimony" and indicated Mr. Ramirez is likely to testify to "the significance of the Nazi swastika symbol in the prison gang context and the safety and security concerns" that accompany the same. (*Id.*, 1:27-2:3.) Defendants' Notice added Mr. Ramirez's "opinions will be based on his background, training, and expert investigating gang activity in prison, applicable prison policies and regulations, relevant documents form Plaintiff's prison records, and a review of Plaintiff's confiscated items bearing the swastika symbol." (*Id.*, 2:3-7.)

Rule 26(b) of the Federal Rules of Civil Procedure mandates the disclosure of an expert report only from retained or specially employed experts. Fed. R. Civ. P. 26(b); *see Witman v. Knight Transportation, Inc.*, 2016 WL 8715668, at *3 (S.D. Cal. Nov. 21, 2016) (stating "If [] witnesses are unretained, a party need only disclose the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of facts and opinions to which the witness is expected to testify.") (citing Fed. R. Civ. P. 26(a)(2)(C).). Here, Defendants' Notice makes clear Mr. Ramirez is an unretained expert. For this reason, Plaintiff is not entitled to an expert report from Mr. Ramirez. To that end, the Court finds Defendants' Notice satisfies Defendants'

obligation to disclose at least 90 dates before trial "a summary of the facts and opinions to which the [unretained] witness is expected to testify." Fed. R. Civ. P. 26(c)(ii). The Rule 26(a)(2)(C) disclosures are "considerably less extensive" than those required for retained experts and courts "must take care against requiring undue detail." *Witman*, 2016 WL 8715668 at *3 (citing Fed. R. Civ. P. 26(a)(2) and Advisory Committee's Note (2010); see also Fed. R. Civ. P. 1 Advisory Committee's Note (2012) (imploring a "cooperative and proportional use of procedure").). Accordingly, Plaintiff's Motion for Expert Reports is DENIED.

**IT IS SO ORDERED.**

Dated: March 31, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge